2023-1444

---

# United States Court of Appeals

# for the Federal Circuit

---

**GESTURE TECHNOLOGY PARTNERS, LLC**
*Appellant,*

v.

**UNIFIED PATENTS, LLC,**
*Appellee*

---

Appeal from the United States Patent and Trademark Office in *Inter Partes* Review No. IPR2021-00917 – U.S. Patent No. 7,933,431

---

### CORRECTED REPLY BRIEF OF APPELLANT
### GESTURE TECHNOLOGY PARTNERS, LLC

<u>/s/ Fred I. Williams</u>
Fred I. Williams
WILLIAMS SIMONS & LANDIS PLLC
601 Congress Ave., Suite 600
Austin, TX 78701
Tel. 512.543.1354

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A#453
Philadelphia, PA 19103
Tel: 512.543.1373

January 9, 2024

COUNSEL FOR APPELLANT GESTURE TECHNOLOGY PARTNERS, LLC

i

# PATENT CLAIMS AT ISSUE

Pursuant to FED. CIR. R. 28(a)(12) the patent claims at issue include claims 7-9 and 12 of U.S. Patent No. 7,933,431.

7.    Handheld computer apparatus comprising:

    a housing;

    a camera means associated with said housing for obtaining an image using reflected light of at least one object positioned by a user operating said object;

    computer means within said housing for analyzing said image to determine information concerning a position or movement of said object; and

    means for controlling a function of said apparatus using said information.

8.    Apparatus according to claim 7, wherein said object is a finger.

9.    Apparatus according to claim 7, further including a display function which is controlled.

12.    Apparatus according to claim 7, further including a light source for illuminating said object.

**FORM 9. Certificate of Interest**

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-1444 |
| **Short Case Caption** | Gesture Technology Partners, LLC v. Unified Patents, LLC |
| **Filing Party/Entity** | Gesture Technology Partners, LLC |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/09/2024

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Gesture Technology Partners, LLC | N/A | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐   Additional pages attached

**FORM 9. Certificate of Interest**                                    Form 9 (p. 3)
                                                                        July 2020

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑     None/Not Applicable          ☐     Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

---

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐     None/Not Applicable          ☑     Additional pages attached

| See Attachment A |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

---

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

**Attachment A to Certificate of Interest:**

**5. Related Cases.**

- *Apple Inc. v. Gesture Technology Partners, LLC*, Case No. 2023-1475 (United States Court of Appeals for the Federal Circuit)

- *Gesture Technology Partners, LLC v. Apple Inc.*, 4:22-cv-04806-YGR (U.S. District Court for the Northern District of California)

- *Gesture Technology Partners, LLC v. Motorola Mobility LLC*, 1:22-cv-03535 (U.S. District Court for the Northern District of Illinois)

- *Gesture Technology Partners, LLC v. LG Electronics Inc. et al.*, 2:21-cv-19234-EP-MAH (U.S. District Court for the District of New Jersey)

- *Ex Parte* Reexamination No. 90/014,901 of U.S. Patent No. 7,933,431, before the USPTO (reexam ordered January 11, 2022).

## TABLE OF CONTENTS

STATEMENT OF RELATED CASES ....................................................1

SUMMARY OF THE ARGUMENT ......................................................2

ARGUMENT ....................................................................................3

I.    *Numazaki*  Does Not Anticipate Claim Limitations 7.3 and 7.2 of

the '431 Patent. ...................................................................3

A.    The Board's Finding That *Numazaki* Discloses Claim Limitation

7.3 Is Not Supported by Substantial Evidence.....................4

1.    *Numazaki* Fails to Disclose a "Computer Means" That

"Analyz[es] Said Image." ........................................5

2.    *Numazaki* Fails to Disclose a "Computer Means" as

Construed under 35 U.S.C. § 112, ¶ 6. ......................8

B.    The Board's Finding That *Numazaki* Discloses Claim Limitation

7.2 Is Not Supported by Substantial Evidence....................10

II.   The Board Erred by Denying Patent Owner's Requests For Additional

Discovery Regarding Samsung's Relationship with Petitioner. ...................12

III.  The USPTO Does Not Have Jurisdiction Over Expired Patents .................14

CONCLUSION AND RELIEF SOUGHT ............................................16

# TABLE OF AUTHORITIES

### Cases

*Applications in Internet Time, LLC v. RPX Corp.*,
  897 F.3d 1336 (Fed. Cir. 2018) .................................................. 12

*Ariosa Diagnostics, Inc. v. Illumina, Inc.*,
  IPR2014-01093, Paper 81 (May 24, 2016) ................................ 13

*Cuozzo Speed Techs., LLC v. Lee*,
  579 U.S. 261 (2016) .................................................................. 14

*ePlus, Inc. v. Lawson Software, Inc.*,
  789 F.3d 1349 (Fed. Cir. 2015) .................................................. 16

*Ex Parte Papst–Motoren*,
  1 U.S.P.Q.2d 1655 (B.P.A.I. Dec. 23, 1986) ............................. 16

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  582 F.3d 1288 (Fed. Cir. 2009) .................................................... 9

*In re Baxter Travenol Labs.*,
  952 F.2d 388, 21 USPQ2d 1281 (Fed. Cir. 1991) ...................... 10

*In re Rambus Inc.*,
  694 F.3d 42 (Fed. Cir. 2012) ...................................................... 16

*Kennametal, Inc. v. Ingersoll Cutting Tool Co.*,
  780 F.3d 1376 (Fed. Cir. 2015) ................................................ 5, 6

*Medtronic, Inc. v. Robert Bosch Healthcare Sys.*,
  839 F.3d 1382 (Fed. Cir. 2016) .................................................. 13

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*,
  138 S. Ct. 1365 (2018) .............................................................. 14

*Raytheon Co. v. Sony Corp.*,
  727 F. App'x 662 (Fed. Cir. 2018) ............................................. 16

*RPX Corp. v AIT*,
  IPR2015-01750, Paper 84  (P.T.A.B. Oct. 2, 2022) .................... 13

*Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272 (Fed. Cir. 2017) ....... 10, 11

**Statutes**

35 U.S.C. § 315(e) ...................................................................................13

37 C.F.R. § 42.100(b) ..............................................................................15

**Rules**

MPEP § 2258 ...........................................................................................16

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellant Gesture Technology Partners, LLC states that no other appeal in or from the same civil action in the lower court was previously before this or any other appellate court.

Cases pending in this or any other court which will directly affect or be directly affected by this Court's decision in the pending appeal are listed below.

- *Apple Inc. v. Gesture Technology Partners, LLC*, Case No. 2023-1475 (United States Court of Appeals for the Federal Circuit)

- *Gesture Technology Partners, LLC v. Apple Inc.,* Case No. 4:22-cv-04806 (N.D. Cal.)

- *Gesture Technology Partners, LLC v. LG Electronics, Inc.,* Case No. 2:21-cv-19234 (D. N.J.)

- *Gesture Technology Partners, LLC v. Motorola Mobility LLC,* Case No. 1:22-cv-03535 (N.D. Ill.)

- *Ex Parte Reexamination* No. 90/014,901 of U.S. Patent No. 7,933,431, before the USPTO (reexam ordered January 11, 2022).

## SUMMARY OF THE ARGUMENT

As articulated in Patent Owner's opening brief, the Board made several erroneous findings, unsupported by substantive evidence, that compel reversal. As to Petitioner's rebuttal arguments, they are all unavailing. The Board's determination that *Numazaki* anticipates the "camera means" and "computer means" limitations in independent claim 7 of the '431 Patent is not supported by substantial evidence. Nothing in Petitioner's response or *Numazaki* discloses that the image from the "photo-detection sensor unit" and the image extracted by the "feature data generation unit" are the same image as required by claim 7. Further, *Numazaki* fails to disclose a general purpose computer programmed with the required algorithm – the necessary structure of the "computer means" under 35 U.S.C. § 112, ¶ 6 identified by the Board. Moreover, Petitioner's response that the Board's list of various photo-detection terms found in *Numazaki* unambiguously discloses a camera or anticipates the "camera means" of the '431 Patent does not meet the required substantial evidence standard on appeal. Thus, the Board's findings as to independent claim 7 are not supported by substantial evidence and the same result applies to dependent claims 8, 9, and 12.

The Board erred in denying Patent Owner's repeated request for discovery as to whether Samsung Electronics Co., Ltd. is a real party in interest or privy of Petitioner. There is no dispute that Samsung is a "member" customer of the

Petitioner. *See* Appx0205 ("Apple, Inc. and Samsung Electronics Co., Ltd. are members of Unified Patents"); Appx0217 ("Unified Patents, LLC's ("Petitioner") reply confirms that all district court defendants, except for one, are Unified Members: Apple, Samsung, Huawei, and LG."). Petitioner ignores the analogous *AIT* case and downplays the importance of Patent Owner's request to take further discovery. This case should be remanded to allow Patent Owner an opportunity to develop a full record on the issue of whether Samsung Electronics Co., Ltd. is a real party in interest.

The '431 Patent expired before the IPR Petition was filed on May 14, 2021. Under *Oil States*, when a patent expires, the public franchise ceases to exist and the franchisee (e.g., the patent owner) no longer has the right to exclude others. Petitioner's arguments regarding 37 C.F.R. § 42.100(b) fail because nothing in that statute authorizes jurisdiction of expired patents. Moreover, the other case cited by Petitioner were decided before *Oil States* and did not address the USPTO's jurisdiction over expired patents. Accordingly, the FWD should be vacated because the Petition was filed after the expiration of the '431 Patent.

## **ARGUMENT**

### I. *NUMAZAKI* DOES NOT ANTICIPATE CLAIM LIMITATIONS 7.3 AND 7.2 OF THE '431 PATENT.

Substantial evidence does not support the Board's determination that *Numazaki* discloses claim limitation 7.3 of the '431 Patent ("computer means within

said housing for analyzing said image to determine information concerning a position or movement of said object") and claim limitation 7.2 of the '431 Patent ("a camera means associated with said housing for obtaining an image using reflected light of at least one object positioned by a user operating said object."). Petitioner is incorrect that *Numazaki's* "feature data generation unit 103," which "performs the function of analyzing target images of an object and determining a position of the object," anticipates the "computer means" recited in limitation 7.3 of the '431 Patent. Response Br. 18-19. Petitioner's response that *Numazaki* discloses a photo-detection sensor unit that extracts light using photo-detection optics and would be understood by a POSITA as the "camera means" is also incorrect. Response Br. 18. Because substantial evidence does not support the Board's determination that *Numazaki* discloses limitations 7.3 and 7.2 of the '431 Patent, the FWD should be reversed.

### A. The Board's Finding That *Numazaki* Discloses Claim Limitation 7.3 Is Not Supported by Substantial Evidence.

Claim limitation 7.3 recites a "computer means within said housing for analyzing said image to determine information concerning a position or movement of said object." As articulated in Patent Owner's opening brief, the Board's finding that *Numazaki* discloses claim limitation 7.3 should be reversed because it is not supported by substantial evidence. *See* Appx0022-0026.

4

### 1. *Numazaki* Fails to Disclose a "Computer Means" That "Analyz[es] Said Image."

Petitioner's contention that Numazaki discloses a "computer means" that "analyzes said image" is wrong.  *See* Response Br. 29-34.  Petitioner's arguments are unpersuasive because the claimed "computer means" must analyze the image obtained by the camera means "to determine information concerning a position or movement of said object."

Petitioner oversimplifies the law regarding anticipation to argue that *Numazaki* anticipates claim limitation 7.3.  *See* Response Br. 31-32 (citing *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1383 (Fed. Cir. 2015)).  In *Kennametal*, there was an express contemplation of PVD coatings such that a POSITA would "immediately envisage applying a PVD coating." *Kennametal,* 780 F.3d at 1383.  By contrast, *Numazaki* filters the image obtained by the photo-detection sensor unit before the image reaches the "feature data generation unit 103."  Thus, a POSITA would not "immediately envisage" that *Numazaki* analyzes the image obtained by the camera means "to determine information concerning a position or movement of said object."  Further, the Kennametal case explains

> A prior art reference can only anticipate a claim if it discloses all the claimed limitations arranged or combined in the same way as in the claim.  However, a reference can anticipate a claim even if it does not expressly spell out all the limitations arranged or combined as in the

claim, if a person of skill in the art, reading the reference, would at once envisage the claimed arrangement or combination.

*Kennametal*, 780 F.3d at 1381 (Fed. Cir. 2015) (cleaned up).

*Numazaki* does not arrange or combine the elements necessary for limitation 7.3 in the same way and the Board did not show that a POSITA would "at once envisage" limitation 7.3 in view of *Numazaki's* disclosure. Petitioner's arguments regarding "comprising" are unavailing because *Numazaki* does not disclose limitation 7.3. *See* Response Br. 32-33. Specifically, *Numazaki* fails to disclose that *Numazaki's* "feature data generation unit" analyzes the image allegedly obtained by *Numazaki's* "photo-detection sensor unit" as claim limitation 7.3 requires.

Next, Petitioner attempts to argue that the image formed on *Numazaki's* "photo-detection plane" (the identified "camera means") is somehow the same image that is later processed by *Numazaki's* "feature data generation unit" (the identified "computer means"). *See* Response Br. 32-33. This is a gross mischaracterization of *Numazaki*. *Numazaki teaches*

> Each of the first photo-detection unit 109 and the second photo-detection unit 110 detects the optical image formed on the photo-detection plane . . . lighting unit 101 emits the light when the first photo-detection unit 109 is in a photo-detecting state, whereas the lighting unit 101 does not emit the light when the second photo-detection unit 110 is in a photo-detecting state . . .

> The difference calculation unit 111 calculates this difference between the images detected by the first photo-detection unit 109 and the second photo-detection unit 110, and outputs the obtained difference.

6

Appx981, 11:20-56. In other words, the image formed on the photo-detection plane changes over time. The image formed on the photo-detection plane is not static. A first image forms on the photo-detection plane when the lighting unit emits light. That first image is detected by the first photo-detection unit. A second image forms on the photo-detection plane when the lighting unit is off (i.e., not emitting light). *See id.* That second image is detected by the second photo-detection unit. Because the first image and the second image are detected at different times under different lighting conditions, the first image and the second image are different images. Even if the first image and the second image include the same target object (e.g., a user's hand) that does not mean the first image and the second image are the same image. In fact, the first image and the second image must be different images, otherwise *Numazaki's* "difference calculation unit 111," which calculates the difference between the images, would always output a zero. *Numazaki* refers to the output of the "different calculation unit 111" as the "reflected light image." *Numazaki's* "feature data generation unit" (the identified "computer means") inputs that "reflected light image" for analysis. Again, the "reflected light image" is the difference between the first image and the second image. The "reflected light image" is not the same as the "first image" or the "second image," even if all three images include a target object (e.g., user's hand). Accordingly, Numazaki's "feature data generation unit" (identified "camera means") does not analyze any image

7

formed on *Numazaki's* "photo-detection plane" (the identified "camera means"). This is contrary to the requirements of claim limitation 7.3

Petitioner's arguments are unpersuasive and the Board's determination that *Numazaki* discloses claim limitation 7.3 is not supported by substantial evidence. Accordingly, the Board's finding that *Numazaki* anticipates claim 7 should be reversed.

### 2. *Numazaki* Fails to Disclose a "Computer Means" as Construed under 35 U.S.C. § 112, ¶ 6.

The claimed "computer means" was construed under 35 U.S.C. § 112, ¶ 6, and the Board found that the corresponding structure is "a general purpose computer programmed with an algorithm to cause the general purpose computer to: (1) analyze target image(s) of an object captured by the camera means; and (2) determine position(s) of the object," or equivalents thereof. Appx0031. Petitioner argues that *Numazaki* describes a general-purpose computer that satisfies the "computer means" limitation. *See* Response Br. 34-37.

*Numazaki* does not disclose a "handheld computer apparatus" having "a general purpose computer programmed with an algorithm to cause the general purpose computer to: (1) analyze target image(s) of an object captured by the camera means; and (2) determine position(s) of the object." The Board's determination that *Numazaki* disclosed the "computer means" lacks substantial evidence because

*Numazaki* does not disclose the corresponding structure. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1299 (Fed. Cir. 2009).

Petitioner relies on its expert declarant to argue that the "feature data generation unit 103" would be recognized as the claimed "computer means." Response Br. 36 citing Appx735 (Schmandt Dec. ¶ 157). But again, *Numazaki* fails to disclose a general purpose computer programmed with the required algorithm identified by the Board. *See* Appx0031. It does not matter whether the computer is full-size as described in Figure 74 or handheld as described in Figure 78. Response Br. 36. The *Numazaki* computer must include the required algorithm that analyzes "said image" to "determine position(s) of the object." The Board does not explain or support its determination with substantial evidence as to how *Numazaki's* "compact portable information device" necessarily has a "general purpose computer programmed with an algorithm" that implements *Numazaki's* "feature data generation unit" (the Board-identified "computer means"). *See* Appx0023-0024. Instead, *Numazaki's* "compact portable information device" may implement the "feature data generation unit" as multiple specialized hardware units to perform the function recited by claim limitation 7.3. *See, e.g.*, Appx0900-0903 (FIGS. 21, 22, and 23), Appx0914 (FIG. 35); *see also* Appx2565-2566 (¶ 94). Specialized hardware units are not a general-purpose computer. Ultimately, *Numazaki* cannot disclose claim limitation 7.3 because "it has long been understood that ambiguous

references do not, as a matter of law, anticipate a claim." *Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1284 (Fed. Cir. 2017). Petitioner downplays the *Wasica* case, but cannot escape the fact that "the dispositive question regarding anticipation is whether *one skilled in the art* would reasonably understand or infer from the [prior art reference's] teaching" that every claim element was disclosed in that single reference. *In re Baxter Travenol Labs.*, 952 F.2d 388, 390, 21 USPQ2d 1281, 1284 (Fed. Cir. 1991). *Numazaki* does not disclose the structure of the "computer means" necessary for anticipation.

In view of the above, the Board's determination that *Numazaki* discloses claim limitation 7.3 is not supported by substantial evidence. Accordingly, the Board's finding that *Numazaki* anticipates independent claim 7 should be reversed.

**B.    The Board's Finding That *Numazaki* Discloses Claim Limitation 7.2 Is Not Supported by Substantial Evidence.**

Petitioner's arguments reinforce Patent Owner's position that *Numazaki* does not expressly disclose a camera and, at best, *Numazaki's* disclosure is ambiguous as to whether *Numazaki* discloses a camera. Response Br. 20-26. The Petitioner and the Board point to various portions of *Numazaki* without explaining unambiguously that any portion anticipates the camera of the '431 Patent. Specifically, the Petitioner and the Board highlight the following elements of *Numazaki*: "photo-detection sensor unit" at Appx0955 (FIG. 78) and Appx1006 (52:5-19); "photo-detection section" at Appx0955 (FIG. 78) and Appx1007 (53:22-36); "CMOS sensors are

used as the photo-detection means" at Appx0955 (FIG. 78) and Appx1007 (53:22-

36); "reflected light extraction unit" at Appx0881 (FIG. 2) and Appx0981 (11:9-19);

and the "photo-detection plane" at Appx0881 (FIG. 2) and Appx0981 (11:9-19).

The Board's determination that *Numazaki* anticipates the camera of claim limitation

7.2 is ambiguous, and the Board recognized that none of these terms are expressly

described as cameras. *See*, *e.g.*, Appx0020 ("Patent Owner is correct that *Numazaki*

does not explicitly say that the 'photo-detection sensor unit' is a camera.") Thus, as

articulated in Patent Owner's opening brief, the Board's finding that *Numazaki*

discloses claim limitation 7.2 should be reversed because it is not supported by

substantial evidence. *See* Appx0017-0022.

Anticipation of claim limitation 7.2 of the '431 Patent would require

*Numazaki* to describe with "sufficient precision" the "camera means" because

"ambiguous references do not, as a matter of law, anticipate a claim." *See Wasica*

*Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1284 (Fed. Cir. 2017). Petitioner's

response is notable because it does not describe the "camera means" with "sufficient

precision." Petitioner's response argues that Figures 1 and 2 of *Numazaki* and the

eight embodiments of *Numazaki* describe some photo-detection aspects, but

nowhere is a camera unambiguously disclosed. *See* Response Br. 22-24. The Board

appears to rely on the "photo-detection sensor unit" of *Numazaki* to anticipate the

camera of limitation 7.2 but even the Board admits that the "photo-detection sensor

unit" "only provides some details." Appx18; Response Br. 22. In fact, *Numazaki* is silent regarding the "photo-detection sensor unit" being or including a camera. The mere fact that *Numazaki* discloses a "photo-detection sensor unit" capable of "photo-detecting on an external body," Appx1006 (52:9-14), is not sufficiently specific for the photodetection sensor unit" to disclose a camera, as required for anticipation.

In view of the foregoing, the Board's finding that *Numazaki* discloses claim limitation 7.2 is not supported by substantial evidence. Accordingly, the Board's finding that *Numazaki* anticipates independent claim 7 should be reversed.

Because claims 8, 9, and 12 depend from and add limitations to claim 7 of the '431 Patent, *Numazaki* fails to anticipate dependent claims 8, 9, and 12 for at least the same reasons.

## II. THE BOARD ERRED BY DENYING PATENT OWNER'S REQUESTS FOR ADDITIONAL DISCOVERY REGARDING SAMSUNG'S RELATIONSHIP WITH PETITIONER.

The Board improperly denied Patent Owner's request for discovery related to Samsung's relationship with Petitioner. *See* Appx555-561. Petitioner's Response does not address the *AIT* case cited in Patent Owner's Opening Brief. *See* Opening Br. 27 citing *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336 (Fed. Cir. 2018). Instead, Petitioner states there is no real party in interest dispute and paraphrases the Board's order denying the requested discovery. Response Br. 38. The Board may grant discovery related to the real party in interest and this Court has

recognized that the Board may grant discovery regarding the real party in interest. *See Medtronic, Inc. v. Robert Bosch Healthcare Sys.*, 839 F.3d 1382, 1383 (Fed. Cir. 2016); *see also* 37 C.F.R. § 42.51.  In fact, in *AIT*, after the FWD, the case was remanded for further discovery and the Board authorized additional discovery to determine whether a real party in interest should have been identified.  *RPX Corp. v AIT*, IPR2015-01750, Paper 84 at 4-5 (P.T.A.B. Oct. 2, 2022) ("To ensure that we have a fulsome record upon which to determine whether Salesforce is a real party-in-interest or privy, we will authorize discovery by Patent Owner on those topics.") The Board set a discovery schedule that included deadlines to produce documents and take depositions of declarants.  *RPX Corp. v AIT*, IPR2015-01750, Paper 87 at 3 (P.T.A.B. Oct. 2, 2022).  The Board also set a briefing schedule and oral hearing on the issue of real party in interest. *Id.* at 4.

The Board has previously terminated co-pending *ex parte* reexamination proceedings after issuing a FWD. *See, e.g., Ariosa Diagnostics, Inc. v. Illumina, Inc.*, IPR2014-01093, Paper 81 (May 24, 2016).  In *Ariosa*, a FWD was issued on January 7, 2016, and a motion to terminate reexams was filed on January 14, 2016, after the FWD.  *See id*. at Papers 69 and 72.  The Board granted the post-FWD motion and terminated the reexams.

Patent Owner requests that the Court remand this case to the Board with similar instructions that additional discovery be permitted regarding the relationship between Petitioner and Samsung.

## III.  THE USPTO DOES NOT HAVE JURISDICTION OVER EXPIRED PATENTS

Petitioner states that 35 U.S.C. § 311 has no end date or otherwise limit the *inter partes* review process to expired patents.  Response Br. 39.  The fact that Section 311 does not address expired patents does not change the fact that when a patent expires the public franchise ceases to exist and the franchisee no longer has the right to exclude others.  *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1373 (2018).  Because the public franchise no longer exists, the Patent Office has nothing in its authority to cancel or amend an expired patent.  Petitioner does not dispute this logic.

Instead, Petitioner ignores the effects that the cessation of a public franchise has on the USPTO's jurisdiction of an expired patent and argues that *Oil States* does not expressly address the USPTO's "jurisdiction over an expired patent."  *See* Response Br. 40.  Petitioner also argues 37 C.F.R. § 42.100(b) includes a "well-established exception" for expired patents.  *See* Response Br. 40 citing *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 261 (2016).  But the language of Section 42.100(b) prior to 2018 supports a finding that a petition must be filed before the expiration of a patent.

14

> A claim in an unexpired patent **that will not expire before a final written decision** is issued shall be given its broadest reasonable construction in light of the specification of the patent in which it appears. A party may request a district court-type claim construction approach to be applied **if a party certifies that the involved patent will expire within 18 months from the entry of the Notice of Filing Date Accorded to Petition**. The request, accompanied by a party's certification, must be made in the form of a motion under § 42.20, within 30 days from the filing of the petition.

37 C.F.R. § 42.100(b) as amended at 81 Fed. Reg. 18766, Apr. 1, 2016 (emphasis added).  The statute provided for different constructions of the patent claims if the patent expires before the FWD or if the patent expires within 18 months of the petition.  In both scenarios, the petition must be filed before the patent expires.  Nowhere did the statute authorize filing a petition against an expired patent.  The current language of Section 42.100(b)[1] that was applicable when the Petition was filed in this case does not consider expired patents at all.

Petitioner makes additional arguments with the same logic regarding soon-to-expire patents.  *See* Response Br. 40-41 (citing *In re Rambus Inc.*, 694 F.3d 42, 46

---

[1] In an *inter partes* review proceeding, a claim of a patent, or a claim proposed in a motion to amend under § 42.121, shall be construed using the same claim construction standard that would be used to construe the claim in a civil action under 35 U.S.C. 282(b), including construing the claim in accordance with the ordinary and customary meaning of such claim as understood by one of ordinary skill in the art and the prosecution history pertaining to the patent. Any prior claim construction determination concerning a term of the claim in a civil action, or a proceeding before the International Trade Commission, that is timely made of record in the *inter partes* review proceeding will be considered.  37 C.F.R. § 42.100(b) as amended at 83 Fed. Reg. 51358, Oct. 11, 2018. (current version)

(Fed. Cir. 2012), *Ex Parte Papst–Motoren*, 1 U.S.P.Q.2d 1655, 1655–56 (B.P.A.I. Dec. 23, 1986), and MPEP § 2258).  These arguments fail because none of the patents expired prior to the filing of a an IPR petition.

The non-precedential *Raytheon* case cited by Petitioner is inapposite because the case was decided before *Oil States* case and the issue of the USPTO's jurisdiction of expired patents was not raised.  Response Br. 41 (citing *Raytheon Co. v. Sony Corp.*, 727 F. App'x 662, 664 (Fed. Cir. 2018)).  For the same reasons, Petitioner's citation to the *ePlus* case is misplaced.  *See id.* (citing *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1358 (Fed. Cir. 2015)).  The issue raised before this Court is whether the USPTO has jurisdiction when a petition is filed against an expired patent.

At bottom, the Board does not have jurisdiction over the '431 Patent because the '431 Patent expired in July 2020, long before the Petition was filed in May 2021.  Thus, the FWD should be vacated.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons and the reasons in Patent Owner's Opening Brief, Appellant respectfully submits that the Court should reverse the Board's final written decision in IPR2021-00917.  Moreover, Appellant respectfully submits that the Court should reverse and remand the proceeding to allow Patent Owner to take discovery regarding whether Samsung is a real party in interest or privy of Petitioner.

And, finally, Patent Owner respectfully submits that the final written decision in IPR2021-00917 should be vacated because the Board does not have jurisdiction over expired patents.


Dated:       January 9, 2024              Respectfully submitted,

                                          By: */s/ Fred I. Williams*
                                          Fred I. Williams
                                          *Principal Attorney*
                                          fwilliams@wsltrial.com
                                          WILLIAMS SIMONS & LANDIS PLLC
                                          The Littlefield Building
                                          601 Congress Ave., Suite 600
                                          Austin, Texas 78701
                                          512.543.1354 telephone


                                          John Wittenzellner
                                          johnw@wsltrial.com
                                          WILLIAMS SIMONS & LANDIS PLLC
                                          1735 Market Street, Suite A#453
                                          Philadelphia, PA 19103
                                          512.543.1373 telephone

                                          COUNSEL FOR APPELLANT GESTURE
                                          TECHNOLOGY PARTNERS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on January 9, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:    January 9, 2024                    */s/ Fred I. Williams*
                                              Fred I. Williams

**FORM 19. Certificate of Compliance with Type-Volume Limitations**          Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2023-1444

**Short Case Caption:** Gesture Technology Partners, LLC v. Unified Patents, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes _3,626_ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/09/2024          Signature: /s/ Fred I. Williams

Name: Fred I. Williams

Save for Filing